IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHARON FREEMAN and MARK FREEMAN, *individually, on behalf of all wrongful death beneficiaries, and on behalf of the* ESTATE OF PHILLIP FREEMAN,<br>    *Plaintiffs,*<br><br>v.<br><br>TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and OFFICERS DOE 1-100,<br>    *Defendants.* | §§§§§§§§§§§§ | CIVIL ACTION NO. 1:23-CV-1295-RP |

**DEFENDANT'S MOTION TO TRANSFER VENUE**

Defendant Texas Department of Criminal Justice ("TDCJ"), through the Office of the Attorney General for the State of Texas, files this motion to transfer venue to the Waco Division of the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404(a). In support, TDCJ offers the following:

**I.  STATEMENT OF THE CASE**

Plaintiffs Sharon and Mark Freeman ("Plaintiffs") are the parents and representatives of Phillip Freeman ("Phillip"), a former TDCJ inmate. ECF 1 ("Compl.") at ¶¶ 1-4. On February 14, 2022, Phillip committed suicide while incarcerated at the TDCJ Hughes Unit in Gatesville, Coryell County, Texas. *Id.* at ¶ 17. On both their own and Phillips' behalf, Plaintiffs filed this civil rights lawsuit on October 24, 2023, asserting violations of the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and the Eighth Amendment in connection with Phillip's death. For their ADA/RA claims, Plaintiffs name TDCJ as the sole defendant. *Id.* at ¶¶ 81-90. For their Eighth Amendment claims, Plaintiffs name as defendants Does 1-100, described as "the officer or officers assigned to watch Phillip and Phillip's housing area at the Hughes Unit on or about February 14, 2022

1

at 10:11 p.m." *Id.* at ¶¶ 9, 74-80.  TDCJ filed its answer on November 16, 2023, and Plaintiffs' motion for expedited discovery to identify the Doe Defendants remains pending.  ECF Nos. 4, 9, 10-11.

TDCJ has offices in Travis County, and thus the Austin Division of this Court is technically a proper venue for this case.  However, because this case centers exclusively on events which occurred in Coryell County, and both the Doe Defendants and all potential witnesses reside and/or work in Coryell County, TDCJ now files this motion to transfer venue to the Waco Division.

## II.     ARGUMENT

### A.     The Waco Division is a more convenient venue.

A civil action is properly brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Even where the venue in which a case is filed is technically proper, that venue is not set in stone.  Rather, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The purpose of § 1404(a) is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960).  The decision whether to transfer a case under § 1404(a) is a matter within the District Court's sound discretion.  *See Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).  In considering a motion under § 1404(a), the District Court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

The convenience determination for purposes of § 1404(a) turns on a number both private and public interests. *See In re Volkswagen Corp. of Am., Inc.*, 371 F.3d 201, 203 (5th Cir. 2004). "[P]rivate concerns include: (1) the relative ease of access to source of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the costs of attendance for willing witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive." *Id.* "Public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws of the application of foreign law." *Id.* The moving party need not show that the balance of convenience and justice weighed substantially in favor of a transfer, rather, "**where the transferee forum is clearly more convenient, a transfer should be ordered**." *In re Volkwagen Inc.*, 506 F.3d 376, 384 (5th Cir. 2007) (emphasis added).

Where, as here, a plaintiff's claims arise exclusively from events which occurred at a prison, courts routinely transfer venue to the district and division where the prison is located. *See, e.g.*, *Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998) (affirming transfer of prisoner's lawsuit to district where prison was located because claims dealt with interference with religious practices at that prison); *Naranjo v. Thompson*, No. 11-CV-00105, 2013 WL 12177075, at *1 (W.D. Tex. June 24, 2013) ("[E]vents in the prison itself, which is located in Pecos, provide the basis of the instant lawsuit. As such, all evidence relevant to the lawsuit will derive from the prison and location itself. Thus, the Court's Venue is proper in the Western District of Texas, Pecos Division, as all incidents and occurrences alleged in Plaintiff's Complaint occurred in this district."); *Fanning v. Director, TDCJ-CID*, Civ. No. 5:18-CV-91, 2018 WL 3584494, at *2 (E.D. Tex. Jul. 26, 2018) (transferring inmate's case challenging prison conditions from the Eastern District's Texarkana Division to the Beaumont Division because that was where prison was located); *Just. v. Stephens*, No. CV H-15-2845, 2016 WL 3453460, at *4 (S.D.

Tex. June 15, 2016) ("Venue for violations of Plaintiff's rights by the Polunsky prison officials is proper in the Eastern District of Texas, Lufkin Division, because a substantial part of the events or omissions giving rise to Plaintiff's claims allegedly occurred there").

This case should be no different. While TDCJ has offices in Travis County, Plaintiffs' claims arise exclusively from events at the Hughes Unit in Coryell County, which falls in the Western District's Waco Division. The Doe Defendants and any potential non-party fact witnesses work in Coryell County, and that is also presumably where most (if not all) of them of them reside. As such, transferring the case to the Waco Division would increase the convenience for both party and non-party witnesses—a key factor considered in determining the appropriateness of transfer. *See In re Volkswagen of Am. Inc.*, 371 F.3d at 204-05.

The distance between Gatesville and Austin is approximately 100 miles, and the drive time is roughly 90 minutes one-way. *See* Exhibit A. By contrast, the distance between Gatesville and Waco is approximately 38 miles, and the drive time is roughly 47 minutes one-way. *Id.* While this discrepancy might not seem significant at first glance, it will be of great significance to the Doe Defendants and non-party witnesses who will need to drive to and from Court for trial. *Id.* If this case remains in the Austin Division, the Doe Defendants and non-party witnesses will need to drive 3 hours each day of trial (likely more with traffic) in order to avoid the significant additional expense of lodging. *Id.* By contrast, if the case were transferred to the Waco Division, they could easily make the round-trip each day. *Id.*

Moreover, having the Doe Defendants and potential witnesses endure such lengthy travel will also create burdens on the operations of the Hughes Unit. *Id.* Requiring multiple parties and witnesses to travel and attend trial would leave staffing gaps at the Hughes Unit, which is already facing a staffing shortage. *Id.* Staffing is critical to affect TDCJ's mission of public safety. *Id.* Allowing the proceedings in this case to occur in Waco would alleviate these staffing concerns because the

4

employees would be able to travel to and from the Waco court quickly and make it considerably easier for them to fulfill their work obligations. *Id.*

Transferring the case to the Waco Division would not prejudice Plaintiffs, who reside in Montgomery County (part of the Southern District of Texas's Houston Division). Compl. at ¶¶ 1-2. Montgomery County is approximately 170 miles from Austin and 160 miles from Waco, with comparable driving times to each city. While a plaintiff's choice of forum is entitled to some deference, the weight accorded to a plaintiff's choice of forum is diminished where, as here, a plaintiff brings suit outside his home forum. *See Heppner v. Krause Plow Corp.*, Inc., No. Civ. A.33CV0083D, 2001 WL 124947 at *2 (N.D. Tex. Feb. 18, 2001); *Noble v. Geo Group, Inc.*, No. A-07-CA-968, 2008 WL 2609208 at *4 (W.D. Tex. June 27, 2008).

Public interest factors also weigh in favor of transfer. "Transfer is appropriate where none of the operative facts occurred in the division and where the [transferee] division had particular local interest in the outcome of the case." *Grimes v. Lufkin Indus., Inc.,* No. 2:09-CV-307, 2009 WL 5062053 at *3 (E.D. Tex. Dec. 16, 2009) (citing *In re Volkswagen of Am., Inc.,* 545 F. 3d at 318). Whereas Travis County does not contain any TDCJ prisons, Coryell County has *five* TDCJ prisons, including the Hughes Unit, and thus has a particular local interest in the outcome of this case.[1] Burdening Travis County citizens with jury duty in this case would also be improper, as "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen AG*, 371 F.3d at 206.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant TDCJ's motion and transfer this case to the Western District of Texas, Waco Division.

---

[1] *See* https://www.tdcj.texas.gov/unit_directory/ (last visited November 21, 2023).

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/ *Matthew DeMarco*
**MATTHEW DEMARCO**
Assistant Attorney General
Texas State Bar No. 24130474
\*Attorney-in-Charge

/s/ *Michael J. Calb*
**MICHAEL J. CALB**
Assistant Attorney General
Texas State Bar No. 24126986

Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814
Matthew.demarco@oag.texas.gov
Michael.calb@oag.texas.gov

**ATTORNEYS FOR TDCJ**

**CERTIFICATE OF SERVICE**

I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been automatically served on all counsel of record using the Court's electronic filing system on November 22, 2023.

/s/ *Michael J.Calb*
**MICHAEL J. CALB**
Assistant Attorney General

## **CERTIFICATE OF CONFERENCE**

      I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, certify that on November 22, 2023, I conferred with David James, counsel for Plaintiffs in this matter, who informed me that Plaintiffs had not yet decided whether or not they would oppose this motion.
.

                                        */s/ Michael J.Calb*
                                        **MICHAEL J. CALB**
                                        Assistant Attorney General